**DENIED** *Without prejudice
BY ORDER OF THE COURT
CHIEF JUDGE ALICEMARIE H. STOTLER
FEBRUARY 25, 2008

Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
Karen L. Martinez (Utah State Bar No. 7914)
martinezk@sec.gov
Cheryl M. Mori (Utah State Bar No. 8887)
moric@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
15 West South Temple Street, Suite 1800
Salt Lake City, Utah 84101
Telephone: (801) 524-5796
Facsimile: (801) 524-5262

Local Counsel:
Karen Matteson (Cal. Bar No. 102103)
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036-3648
Telephone: (323) 965-3840
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>LAMBERT VANDER TUIG et al.,<br><br>　　　　Defendants. | Case No.:<br>　**SACV06-172 AHS (MLGx)**<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST JONATHAN CARMAN** |

　　The Securities and Exchange Commission (the "Commission") filed a Complaint (Docket # 1) against Jonathan Carman ("Carman" or the "Defendant") and others on or about February 16, 2006. Carman, through

1

counsel filed answers to the Complaint on March 8, 2006 and March 13, 2006 (Docket #s 23 and 33, respectively). On or about January 22, 2007, the Commission filed a motion for Summary Judgment against Carman (Docket # 162). The Court granted the Commission's Motion for Summary Judgment against Carman on or about August 7, 2007 (Docket # 305). Defendant filed a Notice of Appeal (Docket # 373) of the Court's Order Granting Summary Judgment (Docket # 305) on or about September 7, 2007. On or about December 19, 2007, Carman filed an Amended Ex Parte Notice of Motion and Motion for Entry of Final Judgment against Jonathan Carman (Docket # 443) in support of his appeal. The Commission requests this Court to enter a Final Judgment against Carman. Based on the foregoing, the Court rules as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of

business which operates or would operate as a fraud

or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to

defraud;

(b) to obtain money or property by means of any

untrue statement of a material fact or any omission

of a material fact necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e (a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell

such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h).

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant and Defendant's officers, agents, servants, employees, attorneys, and accountants, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, are permanently enjoined from engaging in the transactions, acts, practices and courses of business described in the complaint and, from engaging in conduct of similar purport and object in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(d)].

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is permanently barred from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)].

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,191,188.15, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $252,391.44[1], for a total of $2,443,579.59.  The Commission may enforce the Court's judgment for

---

[1] Represents interest as of August 7, 2007, the date the Court granted the Commission's Motion for Summary Judgment against Carman.

disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten (10) days following entry of this judgment. In response to any such civil contempt motion by the Commission, the Defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Jonathan Carman as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and, specifying that payment is made pursuant to this judgment. Defendant shall simultaneously transmit photocopies of each such payment and a letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title and interest in such payments, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These

funds, together with any interest and income earned thereon (collectively, the "Funds"), shall be held by the CRIS until further ordered by this Court.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a third-tier civil monetary penalty in the amount of $100,000 pursuant to Section 20(b) of the Securities Act and Section 21(c) of the Exchange Act. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Jonathan Carman as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and, specifying that payment is made pursuant to this Judgment. Defendant shall simultaneously transmit photocopies of each such payment and a letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title and interest in such payments, and no part of the funds shall be returned to Defendant. The Clerk shall

deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS").  These funds, together with any interest and income earned thereon (collectively, the "Funds"), shall be held by the CRIS until further order of this Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent (10%) of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2008

_____DENIED_____
Honorable Alicemarie H. Stotler
United States District Judge

Presented by:

/s/ Thomas M. Melton
_____
Thomas M. Melton
Karen L. Martinez
Cheryl M. Mori
Attorneys for Plaintiff
Securities and Exchange Commission