Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
Karen L. Martinez (Utah State Bar No. 7914)
martinezk@sec.gov
Cheryl M. Mori (Utah State Bar No. 8887)
moric@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
15 West South Temple Street, Suite 1800
Salt Lake City, Utah 84101
Telephone: (801) 524-5796
Facsimile: (801) 524-5262

Local Counsel:
Karen Matteson (Cal. Bar No. 102103)
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036-3648
Telephone: (323) 965-3840
Facsimile: (323) 965-3908

**JS-6**

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>LAMBERT VANDER TUIG et al.,<br><br>Defendants. | Case No.:<br><br>**SACV06-172 AHS (MLGx)**<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST INDIVIDUAL DEFENDANTS LAMBERT VANDER TUIG AND JONATHAN CARMAN** |
|---|---|

The Securities and Exchange Commission (the "Commission") filed a Complaint (Docket # 1) against Lambert Vander Tuig ("Vander Tuig") and Jonathan Carman ("Carman") (collectively, the "Defendants") and others

on or about February 16, 2006. Vander Tuig, through counsel, filed his answer to the Complaint on March 16, 2006 (Docket # 35). Carman, through counsel, filed answers to the Complaint on March 8, 2006 and March 13, 2006 (Docket #s 23 and 33, respectively). The Commission filed a Motion for Summary Judgment against Vander Tuig on or about November 28, 2006 (Docket # 125). The Court granted the Commission's Motion for Summary Judgment against Vander Tuig on February 22, 2007 (Docket # 175). On or about January 22, 2007, the Commission filed a Motion for Summary Judgment against Carman (Docket # 162). The Court granted the Commission's Motion for Summary Judgment against Carman on or about August 7, 2007 (Docket # 305). Defendant filed a Notice of Appeal (Docket # 373) of the Court's Order Granting Summary Judgment (Docket # 305) on or about September 7, 2007. On or about December 19, 2007, Carman filed an Amended Ex Parte Notice of Motion and Motion for Entry of Final Judgment against Jonathan Carman (Docket # 443) in support of his appeal. The

Commission requests this Court to enter a Final Judgment against Vander Tuig and Carman. Based on the foregoing, the Court rules as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, and Defendants' agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e (a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or

(prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h).

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants and Defendants' officers, agents, servants, employees, attorneys, and accountants, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, are permanently enjoined from engaging in the transactions, acts, practices and courses of business described in the complaint and, from engaging in conduct of similar purport and object in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants are permanently barred from participating in any offering of penny stock pursuant to Section 20(g)

of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)].

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2), Defendants are prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Vander Tuig and Carman are liable for disgorgement. Vander Tuig is liable for disgorgement of $29,252,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

$2,102,655.87[1], for a total of $31,354,655.87. Vander Tuig shall also pay a third-tier civil monetary penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(u)(d)(3)]. All payments shall be made to Thomas A. Seaman, in his capacity as Court-appointed Receiver in this case, by certified check, bank cashier's check or United States postal money order within 30 days of the date of the entry of this Final Judgment. The payment shall be delivered or mailed to Thomas A. Seaman, The Thomas Seaman Company, Two Park Plaza, Suite 480, Irvine, California 92614 and shall be accompanied by a cover letter identifying Vander Tuig as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Thomas A. Seaman shall deposit the funds into a separate, interest bearing account. The funds,

[1] Represents interest as of February 22, 2007, the date the Court granted the Commission's Motion for Summary Judgment against Vander Tuig.

together with any interest and income earned thereon, shall remain in the account until further order of this Court. Vander Tuig shall simultaneously transmit photocopies of said payment and letter to the Commission's counsel in this action. By making payment, Vander Tuig relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Vander Tuig. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt and/or through other collection procedures authorized by law. In response to any such civil contempt motion by the Commission, Vander Tuig may assert any legally permissible defense. Vander Tuig shall also pay post-judgment interest pursuant to 28 U.S.C. § 1961 once payment becomes delinquent.

Carman is liable for disgorgement of $2,191,188.15, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment

interest thereon in the amount of $252,391.44[2], for a total of $2,443,579.59. Carman shall also pay a third-tier civil monetary penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(u)(d)(3)]. All payments shall be made to Thomas A. Seaman, in his capacity as Court-appointed Receiver in this case, by certified check, bank cashier's check or United States postal money order within 30 days of the date of entry of this Final Judgment. The payment shall be delivered or mailed to Thomas A. Seaman, The Thomas Seaman Company, Two Park Plaza, Suite 480, Irvine, California 92614 and shall be accompanied by a cover letter identifying Carman as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Thomas A. Seaman shall deposit the funds into a separate, interest bearing account.

---

[2] Represents interest as of August 7, 2007, the date the Court granted the Commission's Motion for Summary Judgment against Carman.

The funds, together with any interest and income earned thereon, shall remain in the account until further order of this Court. Carman shall simultaneously transmit photocopies of said payment and letter to the Commission's counsel in this action. By making payment, Carman relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Carman. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt and/or through other collection procedures authorized by law. In response to any such civil contempt motion by the Commission, Carman may assert any legally permissible defense. Carman shall also pay post-judgment interest pursuant to 28 U.S.C. § 1961 once payment becomes delinquent.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Commission may propose an additional plan or plans to distribute all funds paid by Vander Tuig and/or

Carman (the “Fund”) pursuant to this Final Judgment, subject to the Court’s approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, including to the Receiver for ultimate distribution pursuant to a plan proposed either by the Receiver of the Commission and approved by the Court. Regardless of whether any such Fair Fund distribution is made, the amount ordered to be paid as a civil penalty pursuant to this Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants’ payments of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants’ payment of a civil penalty in this action

("Penalty Offset"). If the Court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after the entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For the purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 14, 2008

ALICEMARIE H. STOTLER

Honorable Alicemarie H. Stotler
United States District Judge

Presented by:

/s/ Thomas M. Melton

Thomas M. Melton
Karen L. Martinez
Cheryl M. Mori
Attorneys for Plaintiff
Securities and Exchange Commission

CLEAR FORM

# NOTICE PARTY SERVICE LIST

**Case No.** SA CV06-172-AHS(MLGx) **Case Title** SEC v. LAMBERT VANDER TUIG, et al.

**Title of Document** FINAL JUDGMENT AGAINST INDIVIDUAL DEFENDANTS

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| ✔ | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |

| | |
|---|---|
| | Statistics Clerk |
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| | |
|---|---|
| | ***ADD NEW NOTICE PARTY*** **(if sending by fax, mailing address must also be provided)** |
| Name: | |
| Firm: | |
| Address (*include suite or floor*): | |
| | |
| | |
| *E-mail: | |
| *Fax No.: | |

* For CIVIL cases only

| | |
|---|---|
| | ***JUDGE / MAGISTRATE JUDGE (list below):*** |
| | |
| | |
| | |
| | |

**Initials of Deputy Clerk** enm