SA CV 06-172 AHS(MLGx)
SEC v. Vander Twig, et al.

March 1, 2009
6594 E. Blue Sky Dr.
Scottsdale AZ 85266

Honorable Alicemarie H. Stotler, District Court Judge
Case No. SAC V06-172 AHS
Central District of California, Southern District
411 W. Fourth St. Courtroom 10A
Santa Ana, CA 92701



Subject: Receiver for Carolina Development Co. (CDC), Thomas Seaman non-performance in SEC's approved partial distribution plan, and insufficient information given to investors.

The SEC Plan of Distribution was completed and approved by you in May 2007, and to this day has not been delivered. Mr. Thomas Melton of the SEC drew up this plan and has indicated to me that the SEC is no longer involved in this Receivership and the Receiver comes under the jurisdiction of your court. For the last several months the Receiver has stated in his website that the distribution cannot be made until he receives a tax ruling regarding payroll taxes that may be due. This seems to be in conflict with the action of the Receiver in initiating disgorgement of the sales personnel of CDC for ill gotten fees.

The Receivers website www.carolinareceivership.com was initiated to keep the investors informed of the progress in closing down and liquidating the assets of the company and distributing them to the investors. At the beginning the website provided meaningful information such as liquidation of properties and court proceedings, but since September 2008 redundant or non-meaningful information was given. My emails to the Receiver asking for specific information have been ignored.

The following are the questions for the Receiver that need to be answered and the investors implore your help in getting them answered:

1) We suspect a majority of investors that held deeds of trust have opted out of the distribution to hold their property. The Receiver being an accountant should be able to provide the revised total investment of the remaining investors. Since the original investment was a little over $50M the remaining investment pool may be reduced to $30M. An update to the total amount the Receiver has in the bank would allow the remaining investors some idea of the funds they will receive when the Receivership is closed.

2) The Receiver must be accountable to provide a timetable when all the assets are converted to cash and distributed to the investors. Obviously there is no incentive for

the Receiver to completely liquidate the assets since he will continue to generate fees for his account. Your Honor, you must direct the Receiver to do the distribution as you approved almost 10 months ago and close this Receivership to a timeline you approve.

3) We are going through a horrible economic downturn, and the delays in providing a distribution is hurting the investors at the time when they need it most. The government is helping some going through foreclosure but there is no help for the investors that have been victimized by fraudulent people.

Therefore, your Honor, the next time the Receiver comes to you to approve his fees you must keep in mind the investors that have been waiting for years to get back at least some of their investment. You must direct him to give a full accounting for the funds he is holding and to let the investors know what the remaining investment pool remains after the investors that selected land in lieu of distribution remains. Finally, you must hold the Receiver accountable to a timeline as to when this Receivership is completed.

Sincerely yours,

*[signature]*

Ted A. Bajer and many other investors in CDC

Mr. Ted Bajer
6594 E Blue Sky Dr.
Scottsdale, AZ 85266-6759

RECEIVED

2009 MAR -4 AM 10: 42

CHAMBERS OF
JUDGE STOTLER - SA



PHOENIX AZ 850
03 MAR 2009 PM 11 L

9270144515

Honorable Alicemarie H. Stotler, District Court
Judge
Case No. SAC V06-172 AHS
Central District of California, Southern District
411 W. Fourth St. Courtroom 10A
Santa Ana, CA 92701