Cheryl M. Mori (Utah State Bar No. 8887)
moric@sec.gov
Attorney for Plaintiff
Securities and Exchange Commission
351 S. West Temple Street, Suite 6.100
Salt Lake City, Utah 84101
Telephone:   (801) 524-5796
Facsimile:   (801) 524-3558

<u>Local Counsel:</u>
Karen Matteson (Cal. Bar No. 102103)
mattesonk@sec.gov
Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone:   (323) 965-3998
Facsimile:   (323) 965-3908

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. SACV 06-172AHS (MLGx) |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF RECEIVER'S FINAL ACCOUNTING AND DISCHARGE** |
| vs. | |
| LAMBERT VANDER TUIG, et al., | Hearing Date: 4/25/2016<br>Time: 9:30 a.m.<br>Place: Courtroom 650<br>255 East Temple St.<br>Los Angeles, CA |
| Defendants. | |

Plaintiff, Securities and Exchange Commission (the "Commission"), hereby submits the following Memorandum in Support of Receiver's Motion to Sell Real Property, Conclude Affairs of the Receivership, Approve Receiver's Final Account & Report, and Discharge Receiver; Receiver's Final Account & Report; Declaration of Thomas Seaman (the "Final Report")and the Receiver's Final Fee Application.

## BACKGROUND

The Commission filed a Complaint, a Motion for Temporary Restraining Order and various other pleadings on February 16, 2006.  Among those pleadings was a Motion of Appointment of a Receiver.  Based upon the preliminary evidence and testimony provided, the Court entered a Temporary Restraining Order, an Order Freezing Assets and an Order Appointing Receiver on February 16, 2006 (the "Receivership Order").

In the Receivership Order, the Court empowered Thomas A. Seaman (the "Receiver") to take over the assets of The Carolina Development Company, Inc. and all subsidiaries and affiliated entities (the "Companies").  The Receiver was ordered to "take control of the Companies' funds, assets and property, wherever situated."  The Receivership Order ordered and empowered the Receiver:

> "to liquidate and convert into money all of the assets, property, estate, effects and interests of every nature held in his possession and control

> pursuant to this order, by selling, conveying, and disposing of the property, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the persons or parties entitled to the proceeds, and with due regard to the realization of their true and proper value." Receivership Order, p. 5.  The Receiver is also authorized to be "paid out of the proceeds or other assets of the Companies." Receivership Order at p. 5.

In appointing a Receiver for the Companies, the Court recognized that "the assets that have been frozen are in danger of having their value reduced by the passage of time, and it is appropriate that the assets be marshaled and an accounting provided to the Court." Receivership Order at p. 2.  Additional findings of fact, set forth in the Findings of Fact and Conclusions of Law in Support of Preliminary Injunction, (the "Findings") also provide a foundation for the Receiver's authorized actions.  For example, the Court preliminarily determined that, "[m]any of defendants' representations regarding real estate were false or grossly exaggerated." Findings at ¶ 33.  The Court also preliminarily found, "[t]hroughout the relevant time period, Carolina Company has represented that it holds millions of dollars in equity in various development properties." Id. at ¶ 43.  The Court later found that these representations related to the equity held by the Companies were false. Id. at ¶ 51.

Acting in accordance with the Receivership Order, the Receiver has filed his Final Report. The Final Report contains a request for payment for the Receiver's fees and costs, and the fees and costs of other professionals employed by the Receiver (as authorized by the Receivership Order at p. 4). Filed concurrently with the Final Report, the Receiver and his counsel filed final fee applications. Attached as exhibits to the fee applications are detailed, specific and exhaustive time records representing the scope and nature of the Receiver's work since his appointment. The Commission's staff has reviewed the submitted bills carefully, discussed the fee application with the Receiver and his counsel, and believes that the fees claimed are appropriate and justified.

In addition, the Commission has reviewed the Receiver's Final Report and believes that the requested relief should be granted and the Receiver discharged.

**ARGUMENT**

**I. THE RECEIVER AND HIS AGENTS SHOULD BE COMPENSATED**

The Receiver has acted in accordance with this Court's Receivership Order in carrying out his duties and responsibilities. The Receiver was appointed to marshal and liquidate the assets of a company that had misrepresented its real estate assets. Even in instances where the Companies held an interest in the

property, they misrepresented the nature of the interest and the value of their real estate holdings. The Companies and their principals consistently deceived investors regarding the use of funds solicited by the Private Placement Memoranda and failed to disclose the encumbrances against their properties and other assets.  The Companies had no accounting system in place and lacked even basic internal controls.

The fee applications and exhibits thereto detail the product of the Receiver's efforts to marshal and liquidate the Companies' remaining assets and distribute funds to investors.

The time period for the Receiver's current, fourteenth and final fee application is from November 1, 2013 through the conclusion of the Receivership. During that twenty-nine month period of time, the Receiver recovered or collected funds in the amount of $197,318.86 which is comprised of interest income, litigation proceeds, real estate sales, disgorgement proceeds and seizure of defendants' assets.  Over the life of the Receivership the total recovery exceeded $21 million.

The Receiver's fee application and the accompanying time records, together with the time records of professionals paid by the Receiver, reflect the extensive amount of time required to marshal the assets of the Companies and liquidate those assets.

The Receiver has also communicated extensively with the investors in this matter. As is his practice, the Receiver has given notice of his fee application, together with all supporting documentation, by posting it on the website. Although not required to give notice to non-parties to pending litigation in which he was appointed, the Receiver has demonstrated his commitment to the investors by allowing them to review his activities in detail.

The Commission has been involved in a number of litigated cases in which a receiver was appointed. The Commission believes the fees and costs of the Receiver are customary and reasonable given the expertise and experience of the Receiver, the complexity of the case, the geographic area including Orange County, California, and the Companies' financial condition at the time the Commission filed its Complaint. The Commission supports the payment of all fees and costs incurred by the Receiver, including the payment of all professional fees. The Commission has also closely reviewed the fee applications of the other professionals employed by the Receiver and believes that the amounts requested are amply supported by the documentation supplied in their fee applications with the Court. In appropriate instances, the Commission's counsel has requested the adjustment of fees, and the Receiver adjusted fees accordingly. In addition, the

Receiver and his counsel have apprised Commission counsel of major developments and sought assistance from the Commission in appropriate situations.

The Commission respectfully requests that the Court grant the Receiver's and his counsels' fee applications in their entirety.

## II. THE COURT SHOULD APPROVE THE RECEIVER'S FINAL REPORT

The Commission has reviewed the Receiver's Final Report and believes that the requested relief should be granted and the Receiver discharged, including approval of: 1) the sale of the remaining property, 2) an additional distribution to investor Delbert Reedy; 3) distribution of any previously un-negotiated checks to the remaining claimants; 4) payment of any final distribution checks which remain un-negotiated after 120 days to the Commission; 5) payment of the IRS civil penalty of $3,000; 6) destruction of the books and records of the Companies; 7) approval of the Receiver's Final Account and Report; and 8) discharge of the Receiver.

Since his appointment in February 2006, the Receiver has diligently marshalled, preserved and liquidated assets of the Receivership and distributed funds to investors. Investors have received over $10 million.

In addition, the Receiver assisted the Commission and the criminal authorities in their prosecutions by providing timely and accurate information regarding investors and their losses.

The Receiver has concluded his duties as set forth in the Receivership Order. The Court should approve his Final Account and Report and discharge the Receiver.

Respectfully submitted this 4th day of April 2016.

/s/ Cheryl M. Mori

Cheryl M. Mori
Attorney for Plaintiff
Securities and Exchange Commission

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2016, I caused the foregoing **MEMORANDUM IN SUPPORT OF RECEIVER'S FINAL ACCOUNTING and DISCHARGE** to be served on all parties receiving service either by notice via CM/ECF or by sending said document by United States first class mail, postage prepaid to:

Lambert Vander Tuig
37 Shea Ridge
Rancho Santa Margarita, CA 92688
*Pro se Defendant*;

Jonathan Carman
22335 Caminito Arroyo Seco
Laguna Hills, CA 92653
*Pro se Defendant*;

Thomas A. Seaman
Three Park Plaza
Suite 550
Irvine, CA 92614
*Court-appointed Receiver*; and,

Alan H. Martin, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive
Fourth Floor
Costa Mesa, CA 92626-1993
*Counsel to Court-appointed Receiver*.

/s/ Marie E. Iovino