Cheryl M. Mori (Utah State Bar No. 8887)
moric@sec.gov
Attorney for Plaintiff
Securities and Exchange Commission
351 S. West Temple Street, Suite 6.100
Salt Lake City, Utah 84101
Telephone:    (801) 524-5796
Facsimile:    (801) 524-3558

Local Counsel:
Karen Matteson (Cal. Bar No. 102103)
mattesonk@sec.gov
Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone:    (323) 965-3998
Facsimile:    (323) 965-3908

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

_____

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>LAMBERT VANDER TUIG, et al.,<br><br>　　　　Defendants. | Case No.<br>SACV 06-172AHS (MLGx)<br><br>**RESPONSE TO OPPOSITION TO RECEIVER'S FINAL ACCOUNTING AND DISCHARGE** |

Plaintiff, Securities and Exchange Commission (the "Commission"), hereby submits the following Response to Joseph Springer's Letter Opposition (Doc. No. 854) to the Receiver's Motion to Sell Real Property, Conclude Affairs of the Receivership, Approve Receiver's Final Account & Report, and Discharge Receiver; Receiver's Final Account & Report; Declaration of Thomas Seaman (the "Final Report," Doc. No. 842) and the Receiver's Final Fee Application.

## BACKGROUND

The Commission filed a Complaint, a Motion for Temporary Restraining Order and various other pleadings on February 16, 2006.  The Court granted summary judgment in favor of the Commission on August 7, 2007, and entered Final Judgment of Permanent Injunction and Other Relief Against Individual Defendants Lambert Vander Tuig and Jonathan Carman ("Final Judgment," Doc. No. 525) on April 14, 2008.

In the Final Judgment, the Court enjoined both Vander Tuig and Carman from future violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), as well as Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.  The Court also barred each of the individual defendants from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act and, pursuant to Section 20(e) of

the Securities Act, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.

As to monetary sanctions, the Court found that Vander Tuig was liable for disgorgement of $29,252,000, with prejudgment interest thereon in the amount of $2,102,655.87, and ordered Vander Tuig to pay a monetary civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act and 21(d)(3) of the Exchange Act.  The Court also found that Carman was liable for disgorgement of $2,191,188.15, with prejudgment interest thereon in the amount of $252,391.44, and also ordered Carman to pay a monetary civil penalty of $100,000.

As to Carolina Development Company, the Court entered final judgment on March 4, 2011, permanently enjoined the company from violations of Sections 5(a), 5(c), 17(a) of the Securities Act and Sections 10(b) and 15(a) of the Exchange Act and Rule 10b-5 thereunder.  The Court also ordered Carolina Development Company to pay disgorgement of $52,622,339.99, plus prejudgment interest of $4,256,764.01.

Both Vander Tuig and Carman were prosecuted criminally for their fraudulent conduct relating to

Carolina Development Company.  Vander Tuig was sentenced to 20 years in prison and Carman was sentenced to 12 years in prison.

## ARGUMENT

In his letter opposition, Mr. Springer incorrectly asserted that the defendants "were exonerated by the SEC" after they invoked their Fifth Amendment privilege against self-incrimination.  As the facts above establish, neither of the defendants were exonerated by the Commission.  Quite the contrary.  Both defendants were adjudged to be liable for the fraud they perpetrated and received harsh monetary and injunctive sanctions as a result.  Furthermore, both have been criminally prosecuted and will spend a substantial amount of time in prison for their illegal conduct. Each has received all punishment afforded under the law for their fraud.

For the reasons set forth in the Commission's Memorandum in Support of Receiver's Final Accounting and Discharge, the Commission believes that the Receiver has acted in accordance with this Court's Receivership Order in carrying out his duties and responsibilities.  The Commission respectfully requests that the Court grant the Receiver's and his counsels' fee applications in their entirety.  The Receiver has concluded his duties as set forth in the Receivership Order. Denying the motion to discharge the receiver

would not result in additional recovery for investors. As a result, the Commission further respectfully requests that the Court approve his Final Account and Report and discharge the Receiver.

Respectfully submitted this 10th day of May 2016.

/s/ Cheryl M. Mori

Cheryl M. Mori
Attorney for Plaintiff
Securities and Exchange Commission

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2016, I caused the foregoing to be served on all parties receiving service either by notice via CM/ECF or by sending said document by United States first class mail, postage prepaid to:

Lambert Vander Tuig
37 Shea Ridge
Rancho Santa Margarita, CA 92688
*Pro se Defendant*;

Jonathan Carman
22335 Caminito Arroyo Seco
Laguna Hills, CA 92653
*Pro se Defendant*;

Thomas A. Seaman
Three Park Plaza
Suite 550
Irvine, CA 92614
*Court-appointed Receiver;*

Alan H. Martin, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive
Fourth Floor
Costa Mesa, CA 92626-1993
*Counsel to Court-appointed Receiver; and*

Joseph Springer, M.D.
1017 Cuba Avenue
Alamogordo, New Mexico 88310-5815.

/s/ Marie E. Iovino