E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 06-00172-AHS | Date | May 27, 2016 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Lambert Vander Tuig, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** |
|---|---|
| Beatrice Herrera | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** (1) Motion to Sell Real Property, Conclude Affairs of the Receivership, Approve Receiver's Final Account & Report, and Discharge Receiver; (2) Receiver's Fourteenth and Final Fee Application; and (3) Sheppard, Mullin, Richter & Hampton LLP's Fourteenth and Final Fee Application [Dkt. Nos. 842, 844, 845]

Before the Court is Receiver Thomas A. Seaman's ("Receiver") "Motion to Sell Real Property, Conclude Affairs of the Receivership, Approve Receiver's Final Account & Report, and Discharge Receiver" ("Motion"), "Receiver's Fourteenth and Final Fee Application" ("Receiver Fee Application"), and "Sheppard, Mullin, Richter & Hampton LLP's Fourteenth and Final Fee Application" ("SMR&H Fee Application"), filed on March 21, 2016. (See Dkt. Nos. 842, 844, 845.)

Plaintiff Securities and Exchange Commission ("Plaintiff") filed a memorandum in support of the Motion and Fee Applications on April 4, 2016. (See Dkt. No. 852.)

On April 26, 2016, we received an untimely objection[1] from Joseph Springer, M.D., to which Receiver and Plaintiff filed responses on May 9, 2016 and May 10, 2016, respectively. (See Dkt. Nos. 854, 856, 857.)

We find these matters appropriate for resolution without oral argument. Having considered the documents filed in support of, and in opposition to, the Motion and Fee Applications, we rule as follows.

**I.  Motion to Sell Real Property, Conclude Affairs of the Receivership, Approve Receiver's Final Account & Report, and Discharge Receiver**

In the Motion, Receiver sets forth eight remaining issues that must be determined before the receivership concludes. Plaintiff supports the Motion and asks the Court to grant the relief requested by Receiver.

---

[1] We construe Springer's objection as directed to the Fee Applications only, as he does not present any specific arguments in opposition to the relief requested in the Motion.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 06-00172-AHS | Date | May 27, 2016 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Lambert Vander Tuig, et al.* | | |

      First, Receiver seeks approval to sell the last remaining piece of real estate, Lot 24 at The National Golf Club in Pinehurst, North Carolina (hereinafter "Lot 24"), owned by the receivership estate. Receiver contends that despite significant marketing efforts, Lot 24 has proven difficult to sell and has accrued unpaid golf course membership dues in the amount of approximately $55,000. Receiver proposes a sale of the property to a neighboring golf club for a waiver of the outstanding membership dues plus $10,000 in cash. Receiver attaches the proposed sales contract as Exhibit A to the Motion. As pointed out by Receiver, the Court authorized him to sell Lot 24 for a minimum sale price of $44,443 without seeking Court approval in an Order entered February 23, 2010. (See Dkt. No. 689.) Considering the value of selling Lot 24 for $10,000 in exchange for forgiveness of the outstanding membership dues, we conclude that the proposed sale of Lot 24 meets the minimum sale price set by the Court. Moreover, the terms of the proposed sale are reasonable and prudent in light of the relative difficulty Receiver has had in locating a purchaser for Lot 24. We authorize Receiver to sell Lot 24 pursuant to the terms and conditions set forth in the sales contract attached to the Motion as Exhibit A.

      Second, Receiver seeks leave to make an additional distribution to claimant Delbert Reedy. Receiver contends that, due to an error, the cash distribution previously made to Reedy was incorrect and that he is owed $41,764.61, which will bring the total cash distributions paid to him to $77,562.85. Based on the record before the Court, an additional distribution to Reedy is appropriate and we hereby order Receiver to make the proposed distribution.

      Third, Receiver seeks guidance as to how it should proceed with respect to the distribution of un-negotiated checks. Of the approximately 1,100 claimants in the receivership, "[m]any claimants did not keep their addresses current with the Receiver and, as a result, the current addresses of 68 claimants are unknown to the Receiver, while another 47 claimants have not responded to Receiver's request for a current address." (Mot. at 6.) Thus, "115 claimants with a total distribution of $132,000 have not negotiated their checks" despite Receiver's repeated efforts to contact these claimants. (Id. at 7.) Receiver posted information about these outstanding claims on the receivership's website and published notices for four weeks from January through February 2016 in the *Orange County Register* requesting that the claimants provide a current address to the Receiver by March 31, 2016. (Id.) Receiver proposes that these un-negotiated checks should be forfeited and distributed to the other claimants unless a current address was provided to Receiver by March 31, 2016. As an alternative, Receiver proposes that these un-negotiated checks should be disposed of using the State of California's process for unclaimed property. According to Receiver, the process is as follows:

> In general, California's process for handling any such unclaimed property would entail the Receiver providing the names and social security numbers of the owners of the unclaimed property to the California Controller's Office – Unclaimed Property (the "Controller's Office"). Any investors identified by the Controller's Office in the seven months following its receipt of the names of the owners of the unclaimed property will then be referred by the Controller's Office to the Receiver who will then confirm their identity and make payment. At the conclusion of the seven month period, the Receiver would then turn over any remaining unclaimed [] funds to the Controller's Office with a breakdown by beneficiary and the Controller's Office would directly handle any subsequent unclaimed property claims.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 06-00172-AHS | Date | May 27, 2016 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Lambert Vander Tuig, et al.* | | |

(Id.)

In the interest of justice, we order Receiver to dispose of the un-negotiated checks through the State of California's process for unclaimed property. Although we are hesitant to endorse a process that requires Receiver to act for at least an additional several months, it is reasonable to use California's process in this case to allow these 115 claimants an additional opportunity to receive their distribution checks instead of forfeiting their claims entirely.

Fourth, Receiver asks the Court to allow it to distribute any checks not negotiated after 120 days of issuance to be voided and the funds paid to Plaintiff for turnover to the United States Treasury. Alternatively, Receiver proposes that any checks not negotiated after 120 days of issuance should be disposed of using the State of California's process for unclaimed property, discussed supra. For the same reasons we articulated supra, we order Receiver to dispose of any checks not negotiated after 120 days using the State of California's process for unclaimed property.

Fifth, Receiver seeks leave to pay an IRS civil penalty in the amount of $3,000, unless otherwise abated. Receiver explains that the IRS has imposed a penalty for the receivership's failure to file IRS 1099 forms for tax year 2006. Receiver has since filed the necessary tax paperwork and has requested abatement of the penalty, but the IRS has not issued its decision with respect to the requested abatement. (See Mot. at 11.) We grant Receiver's request to pay the civil penalty unless it is abated by the IRS.

Sixth, Receiver seeks leave to destroy the books and records of the receivership. As stated herein, we have ordered Receiver to employ California's process for disposing unclaimed property, which will require the Receiver to continue operating for at least several additional months. For that reason, we order Receiver to retain the books and records of the receivership for a period of twelve months from entry of this Order, after which time Receiver may destroy the books and records of the receivership.

Seventh, Receiver moves for approval of his final account and report and asks the Court to ratify, confirm, and approve all of his actions as Receiver as having been right, proper, and in the best interest of the receivership estate and the parties. We grant Receiver's request and hereby approve his final account and report.

Eighth and finally, Receiver moves to distribute any remaining surplus funds to the claimants. Receiver anticipates having a remaining surplus of funds in the amount of $105,155.00. We grant Receiver's request and authorize him to make another distribution to the claimants of any surplus funds.

For the foregoing reasons, we **GRANT** the Motion. The Receiver shall be discharged from his duties and the receivership shall conclude upon termination of the Receiver's role in California's process for disposing of unclaimed property with respect to the remaining un-negotiated distribution checks to claimants.

**II.        Receiver's Fourteenth and Final Fee Application and Sheppard, Mullin, Richter &**

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 06-00172-AHS | Date | May 27, 2016 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Lambert Vander Tuig, et al.* | | |

**Hampton LLP's Fourteenth and Final Fee Application**

In his Fee Application, Receiver moves the Court for compensation for services performed from November 1, 2013 through the conclusion of the receivership, in the amount of $100,108.50. During this period, Receiver "sold the last of the estate's assets, collected funds arising from prior litigation, made a distribution to investors, supported the criminal proceedings, and concluded the affairs of the estate." (Receiver Fee Application at 4.) Receiver submits his and his staff's detailed billing records in support of the Fee Application.

In its Fee Application, Receiver's counsel Sheppard, Mullin, Richter & Hampton LLP ("SMR&H") moves the Court for compensation for professional services rendered and reimbursement of expenses incurred from November 1, 2013 through February 29, 2016 in the amount of $56,284.00 in fees and $468.79 in costs. SMR&H also asks the Court to award it compensation in the amount of $3,982.00 in anticipated fees and expenses it believed it would incur from March 1, 2016 through April 25, 2016, the date that had originally been set for oral argument for the Motion and Fee Applications. Since November 1, 2013, SMR&H contends that the majority of its work related to "assisting Receiver with (i) obtaining Court approval for a second distribution to investors, (ii) responding to investor inquiries, (iii) selling real property controlled by the Receiver, and (iv) assisting the Receiver with winding up the receivership." (SMR&H Fee Application at 7.) SMR&H submits its billing invoices in support of its Fee Application.

Plaintiff supports both Fee Applications and contends that the fees and expenses incurred were reasonable and necessary. (See Dkt. No. 852 at 4-7.) Plaintiff asks the Court to approve both Fee Applications as presented. (Id.)

As mentioned supra, Springer objects to the Fee Applications. In pertinent part, Springer states that this case is "replete with abuse by the attorneys involved, in terms of a cost to benefit ratio to the stock holders" and that "we stock holders were substantially removed of a lot of money." (See Dkt. No. 854.)

Based on the record before the Court, we find that Receiver and his counsel are entitled to reasonable compensation for their time spent since November 1, 2013 administering and concluding the receivership and for the reasonable expenses they incurred in so doing. See In re San Vicente Medical Partners LTD., 962 F.2d 1402, 1409-10 (9th Cir. 1992) (affirming district court's determination that the receiver's fees and expenses were reasonable); SEC v. J.T. Wallenbrock & Assoc., 584 F. App'x 424, 425 (9th Cir. Aug. 1, 2014) ("the receiver . . . is entitled to reasonable fees and expenses, subject to the court's approval."). As stated by Plaintiff, during this period, Receiver and his counsel "recovered or collected funds in the amount of $197,318.86 which is comprised of interest income, litigation proceeds, real estate sales, disgorgement proceeds and seizure of defendants' assets." (Dkt. No. 852 at 5.) Moreover, since his appointment on February 16, 2006, Receiver and his counsel have recovered over $21 million to the benefit of the claimants. (See id. at 2, 5; Receiver Fee Application at 4; Receiver Response to Springer Obj. at 2.) With the assistance of his counsel, Receiver has undertaken the following tasks throughout the life of the receivership: seized business premises, records, and funds;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 06-00172-AHS | Date | May 27, 2016 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Lambert Vander Tuig, et al.* | | |

engaged with claimants in several forums; conducted due diligence and closed complex real estate transactions across several states; recovered gift to gratuitous donee; disgorged proceeds from former counsel and former employees; performed forensic accounting of receivership estate's holdings; and resolved tax matters of the receivership estate.  (See Receiver Response to Springer Obj. at 3-4.)  All of these actions, including those undertaken from November 1, 2013 through the conclusion of the receivership, were reasonable and to the benefit of the claimants, who were able to recover approximately 25% of their investment.  (Id. at 4.)

Based on this showing, we OVERRULE Springer's objection to the Fee Applications.  His contention that Receiver and his counsel engaged in abuse in this case is a bald assertion without evidentiary support.  Although Springer is correct that the claimants lost money as victims of the ponzi scheme perpetrated by Defendants, but for the actions of Receiver and his counsel, the claimants would likely have lost their entire investment.  Instead, because of the diligence of Receiver and his counsel, the claimants recovered approximately 25% of their investment.

For the foregoing reasons, we **GRANT** the Receiver Fee Application and find that Receiver is entitled to reasonable compensation for services provided and reimbursement of costs incurred from November 1, 2013 through the conclusion of the receivership in the amount of $100,108.50.  Likewise, we **GRANT** the SMR&H Fee Application and find that SMR&H is entitled to reasonable compensation for services provided and reimbursement of costs incurred from November 1, 2013 through the conclusion of the receivership in the amount of $56,752.79 plus $3,982.00, for the estimated fees and expenses incurred through entry of this Order.

We also approve on a final basis all of Receiver and SMR&H's fees and costs previously approved on an interim basis by the Court.

**IT IS SO ORDERED.**

|  | -- : -- |
|---|---|
| Initials of Deputy Clerk | Bea |